JOURNAL ENTRY AND OPINION
Dennis Reim appeals from a decision of the trial court granting summary judgment in favor of Richard Swanson and Fortran Printing, Inc. (Fortran). On appeal, he assigns the following errors for our review:
 I. THE TRIAL COURT ERRED AS A MATTER OF LAW, BY HOLDING THAT THE INDIVIDUAL APPELLANT WAS BARRED FROM ASSERTING HIS CLAIMS AGAINST APPELLEES BASE (SIC) UPON THEIR STATUS AS SHAREHOLDERS IN THE CORPORATION POSCO INC.
 II. THE TRIAL COURT ERRED AS A MATTER OF LAW, BY HOLDING THAT THERE WAS NO CONTRACT BETWEEN FORTRAN AND POSCO, INC., AS A RESULT OF THE SOLE EVIDENCE OF MR. SWANSON'S SELF SERVING AFFIDAVIT.
 III. THE TRIAL COURT ERRED AS A MATTER OF LAW BY HOLDING THAT PLAINTIFF'S CLAIMS CANNOT SUPPORT A CAUSE OF ACTION FOR TORTIOUS INTERFERENCE.
 IV. THE TRIAL COURT ERRED AS A MATTER OF LAW, BY HOLDING THAT THERE WAS SUFFICIENT DETERMINATION TO GRANT SUMMARY JUDGMENT IN THE MATTER HEREIN.
Having reviewed the arguments presented by each party and the applicable law, we reverse the decision of the trial court granting Swanson and Fortran summary judgment and remand the matter for further proceedings consistent with this opinion.
In March 1991, Swanson and Reim formed POSCO Coating, Corp. (POSCO) for the purpose of selling coatings to the printing industry. Swanson and Reim were the only shareholders, each possessing 50% interest in the corporation. Reim held the positions of president and treasurer, while Swanson acted as vice-president and secretary.
Swanson is also the president of Fortran. Fortran became the sole customer of POSCO and purchased printing supplies from POSCO. At some point and for reasons not provided to this court, Fortran ceased its business relationship with POSCO and began purchasing supplies from other vendors.
As a result of the termination of this business relationship, Reim filed a lawsuit against Swanson and Fortran in his individual capacity and did not join POSCO as a plaintiff. Reim alleges breach of contract, tortious interference with a contract, and tortious interference with a business relationship. Swanson and Fortran filed a joint motion for summary judgment, which the court granted, stating:
 * * * Plaintiff lacks standing and fails to satisfy the requirement of Civ.R. 23.1. Even if plaintiff had standing, the court finds Fortran never entered into a contract with POSCO, but rather that Fortran made several individual purchases of supplies from POSCO.
 Finally, because Mr. Swanson was the president of Fortran, he was privileged to terminate any contract on behalf of Fortran. Therefore plaintiff's claim of tortious interference is without merit.
In his first assignment of error, Reim claims the court erred by holding that he was barred from asserting his claims against Swanson and Fortran because he did not have standing to bring a derivative shareholders lawsuit.
Civ.R. 23.1 provides that in a derivative action brought by one or more legal owners of shares to enforce a right of a corporation, the corporation having failed to do so, the complaint shall allege that the plaintiff was a shareholder and any efforts made by the plaintiff to obtain the action he desires from the directors or shareholders and the reasons for his failure to obtain the action or for not making the effort. However, there are two exceptions to this rule: (1) where there is a special duty between the wrongdoer and shareholder, and (2) where the shareholder suffered an injury separate and distinct from that suffered by other shareholders. 12(B) Fletcher Cyclopedia of the Law of Private Corporations (1984) 421, Section 4911.
In this case, Reim suffered an injury separate and distinct from that suffered by Swanson in that Reim paid bills relating to POSCO out of his individual funds. In his response to the summary judgment motion, Reim attached self-authenticating copies of personal checks he wrote to cover POSCO bills. For example, he wrote a check in the amount of $1,200 to pay POSCO rent. He also submitted numerous copies of personal checks that he wrote, presumably to pay POSCO bills. However, a question of fact remains regarding whether those had been POSCO or personal bills.
Reim also claims he suffered damages when he signed a promissory note on behalf of POSCO. However, we cannot determine if this argument has merit because he failed to attach a copy of the promissory note for this court's review. As a result, we cannot determine in what capacity he signed the note. Therefore, Reim cannot recover the amount of the note.
Accordingly, we conclude the court did err by holding that Reim was barred from asserting his claims against Swanson and Fortran.
Reim next alleges the court erred by holding that no contract existed between Fortran and POSCO. We disagree. The parties agree that no written contract exists; instead, Reim asserts an oral contract existed. However, Reim fails to produce any evidence substantiating this claim. Additionally, Swanson offered his affidavit in support of the motion for summary judgment stating that other than individual transactions between POSCO and Fortran, he did not enter into a contract with POSCO. Accordingly, the court did not err when it held no contract existed and this assignment of error is overruled.
In his third assignment of error, Reim argues the court erred by holding that his claims cannot support a cause of action for tortious interference with a business relationship and contract.
The elements of tortious interference with a business relationship and contract are:
* * * (1) a business relationship or contract;
 (2) the wrongdoer's knowledge of the relationship or contract;
 (3) the wrongdoer's intentional and improper action taken to prevent a contract formation, procure a contractual breach, or terminate a business relationship;
(4) a lack of privilege; and
(5) resulting damages.
Brookeside Ambulance, Inc. v. Walker Ambulance Service (1996),112 Ohio App.3d 150, 678 N.E.2d 248, citing, AB-Abell Elevator Co. v. Columbus/Central Ohio Bldg. Const. Trades Council (1995),73 Ohio St.3d 1, 651 N.E.2d 1283.
As we have already determined no contract existed, our focus will remain on Reim's claim for tortious interference with a business relationship. We agree with the trial court that this claim fails. Reim has not produced any evidence whatsoever of intentional or improper action taken by Swanson. The only allegation Reim has made is the cessation of business between Fortran and POSCO. Because Fortran had not been bound by a contract to continue to do business with POSCO, it was free to purchase supplies from any other vendor. Therefore, this assignment of error is overruled.
In his final assignment of error, Reim alleges the trial court erred when it granted summary judgment to Swanson and Fortran. We agree. Civ.R. 56(C) states in pertinent part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Further, the court in Dresher v. Burt (1996), 75 Ohio St.3d 280, stated:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
In support of the motion for summary judgment, Swanson and Fortran submitted Swanson's affidavit, which alleged that neither he, nor anyone acting on behalf of Fortran, entered into a contract with POSCO. In his response, Reim submitted copies of personal checks he wrote, alleging he paid POSCO bills from personal funds. Although Swanson argues these cannot be considered because there is no accompanying affidavit, pursuant to Evid.R. 902(9), these are self-authenticating documents and do not need to be sworn to.
There remains, in our view, a question of fact as to whether these bills belong to POSCO. They include checks numbered 1414, 193, 246, 1358, 1350, and 1378. If these are POSCO bills that Reim paid from his personal funds, Reim has suffered a loss different from that of Swanson. Accordingly, because a question of fact remains, we conclude the trial court erred when it granted summary judgment. This assignment of error has merit and the decision of the trial court is reversed. The matter is therefore remanded for proceedings consistent with this opinion.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
JAMES D. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.